FILED
MARCH 6, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 1348

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Isabela Teresa Friesendorf<br><br>　　　Plaintiff<br><br>vs.<br><br>BAKER, MILLER, MARKOFF & KRASNY, LLC,<br>and John and Jane Does 1 – 10<br><br>　　　Defendants | CASE NO. **JUDGE LEFKOW**<br>**MAGISTRATE JUDGE NOLAN**<br>COMPLAINT<br>JURY TRIAL DEMAND<br><br>**J. N.** |

## COMPLAINT

### PRELIMINARY STATEMENT AND INTRODUCTION

1. This petition is an action for statutory and actual damages brought by an individual consumer Isabela Teresa Friesendorf ("Plaintiff") against BAKER, MILLER, MARKOFF & KRASNY, LLC, John and Jane Does 1 – 10 ("Defendants") for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.* ("FDCPA"); and for injunctive relief and for declaratory relief. This petition is also an action for statutory and actual damages under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 *et. seq.* and pursuant to the Uniform Deceptive Trade Practices Act, 815 ILCS 510 et. seq. ("UDTPA") which are brought under the Court's pendent and supplemental jurisdiction. Plaintiff brings this action against the above named Defendants both jointly and severally based on their violations of said Acts.

### JURISDICTION / VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. Sec. 1692k(d) and 28 U.S.C. Sec's 1331 and 1337(a). Declaratory relief is available pursuant to 28 U.S.C. Sec's 2201.1 and 2202. The doctrine of pendent and supplemental jurisdiction is proper under 28 U.S.C. Sec. 1367.

3. Venue is proper in this District as Defendants transact business here and the communications as well as the conduct of Defendants upon which this complaint is based occurred here.

## PARTIES

4. The Plaintiff, Isabela Teresa Friesendorf, is a natural person, and was at all times relevant hereto a resident and citizen of the State of Illinois. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a person as that term is defined under 815 ILCS 505 § 1(c).

5. Defendant BAKER, MILLER, MARKOFF & KRASNY, LLC is a limited liability partnership engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a corporation defined under 815 ILCS 510 § 1(5), engaged in the business of collecting debts in this State where Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone. This Defendant may be served at its principal place of business located at 29 North Wacker Drive, 5th Floor, Chicago, Illinois 60603.

6. Defendants, John and Jane Does 1 - 10 are all natural persons, corporations, parties, or enterprises employed by Defendants as debt collectors as that term is defined by 15 U.S.C. §1692a(6), and are involved in the instant matter. Said Defendants are currently unknown to Plaintiff. Said Defendants and entities will be joined as necessary parties upon further discovery of their true nature and liability once these facts are known and supported by competent evidence.

## FACTUAL ALLEGATIONS

7. Sometime prior to 2005, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a Discover Bank credit card in the approximate amount of $7,953.12, which was allegedly used by Plaintiff to make personal purchases of food, clothing, and shelter-related items.

8. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

9. On or about May 7, 2007, Plaintiff sent a billing error notice as that term is defined under 15 U.S.C. § 1666(a) to the original creditor, disputing the alleged debt and requesting clarification of transaction details and omitted material disclosures that affect the finance charge, penalty rate, and annual percentage rate on multiple periodic statements. See Exhibit A attached hereto and incorporated as if fully stated

2

herein.

10. The original creditor never provided verification or validation of the alleged debt, or responded in any way to Plaintiff's billing error notice and dispute.

11. Despite the fact that the original creditor had not responded to a valid billing error notice and dispute, on or about July 6, 2007, Defendant **BAKER, MILLER, MARKOFF & KRASNY, LLC** (hereinafter "BMMK"), caused to be sent to Plaintiff an initial communication in an attempt to collect this alleged debt in the form of a collection letter. See Exhibit B attached hereto and incorporated as if fully stated herein.

12. In response to this collection letter, on or about July 11, 2007, Plaintiff sent a notice disputing the alleged debt and demanding verification and validation of it under 15 U.S.C. § 1692 *et seq.*, (see Exhibit C attached hereto and incorporated as if fully stated herein).

13. Defendants **BMMK** failed to provide verification and validation of the alleged debt in violation of 15 U.S.C Sec 1692g, *et seq.*

14. Despite having disputed this debt in writing to both the original creditor and the Defendant **BMMK** previously and both the original creditor and the Defendant **BMMK** failing to provide verification and validation of the debt, Defendant **BMMK** subsequently filed a civil complaint in the name of an alleged creditor on or about September 6, 2007 seeking full payment in the amount of $8,475.68. See Exhibit D attached hereto and incorporated as if fully stated herein.

15. Defendants **BMMK** knew or should have known that their alleged client is unable to achieve standing, unable to produce competent evidence to support a claim, and unable to produce a written agreement with a bona fide signature of the Plaintiff.

16. Defendant's actions, omissions, misrepresentations, violations and inability to produce material disclosures and competent evidence of the alleged debt as alleged herein have constituted harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon the Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, humiliation which Plaintiff will in the future continue to suffer the same.

## SUMMARY

17. The conduct of Defendants harassing Plaintiff in an effort to collect the alleged debt, constitutes violations of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692f, and 1692g(b) amongst others, as well as an invasion of his privacy by an intrusion upon Plaintiff's seclusion.

## CAUSES OF ACTION
## FIRST CLAIM
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

18. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 - 17 above as if fully stated herein.

19. Defendants attempted to collect a consumer debt allegedly owed by Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes.

20. The foregoing acts and omissions were undertaken by the Defendants willfully, persistently, intentionally, knowingly, and discriminately as part of their routine debt collection business and/or in gross or reckless disregard of the rights of the Plaintiff.

21. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*

22. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for a declaratory judgment that Defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under 15 U.S.C. § 1692k, Civil liability [Section 813 of Pub. Law].

## SECOND CLAIM
## VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT: 815 ILCS 505 *et seq.*

23. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 - 17 above as if generally and specifically stated herein.

24. The Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 et.

seq. provides at section 2 that it is unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of trade or commerce within this state.

25. Debt collection is a service within the scope of "trade and commerce" as that term is defined under 815 ILCS 505 § 1(f) and at issue in this case, generally this service affects commerce and trade in this state.

26. The conduct described in paragraphs 1 - 17 is specifically and generally unfair, deceptive, oppressive, unconscionable, and contrary to public policy and generally recognized standards applicable to responsible and lawful consumer credit protection practices.

27. Defendants' unfair methods and deceit make them liable to Plaintiff under 815 ILCS 505 § 2F.

## THIRD CLAIM
## VIOLATIONS OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT:
## 815 ILCS 510 *et seq.*

28. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 – 17 above as if generally and specifically stated herein.

29. The conduct described in paragraphs 1 - 17 above has caused actual confusion or actual misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Uniform Deceptive Trade Practices Act, 815 ILCS 510 *et seq.*

30. Said conduct is generally and specifically within the meaning of the Uniform Deceptive Trade Practices Act, 815 ILCS 510 *et seq.* and in the course of business that is prohibited, unfair, and deceptive.

31. The foregoing acts and omissions of the Defendants were undertaken by it willfully, persistently, intentionally, and knowingly as part of their routine debt collection business, and Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited

32. The conduct described in paragraphs 1 - 17 has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

33. Defendants' unfair and deceptive acts have proximately caused emotional and actual damage and Defendants are liable to the Plaintiff for such injury.

## DECLARATORY AND INJUNCTIVE RELIEF

34. Plaintiff repeats, re-alleges and incorporates by reference each paragraph 1- 31 above as if fully stated herein.

35. There exists a dispute over whether Defendants have violated the FDCPA, the FCRA. The UDTPA and the Consumer Fraud and Deceptive Business Practices Act.

36. Plaintiff is entitled to injunctive relief, a declaratory judgment and a determination that Defendants violated the FDCPA, the FCRA, the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 *et seq.*, and the UDTPA, 815 ILCS 510 *et seq.*, and Plaintiff is similarly entitled to an order enjoining said acts.

37. As a result of Defendant's actions, omissions, and violations, Plaintiff is entitled to statutory damages, actual damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

38. Defendant's actions, omissions, and violations as alleged herein constituted the negligent and intentional infliction of mental and emotional distress upon the Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future continue to suffer the same.

## JURY DEMAND

39. Plaintiff is entitled to and hereby demands that this cause be tried by a jury. U.S. Const. Amend. 7.Fed. R. Civ. Pro. 38.


WHEREFORE, Plaintiff respectfully prays that judgment be entered against each and every Defendant by this Court for the following:

1. Injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in said conduct, and granting such additional equitable relief as may be appropriate
2. Award Plaintiff actual damages.
3. Award Plaintiff punitive damages.
4. Award Plaintiff state and federal statutory damages.
5. Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment to be determined at trial.
6. Award Plaintiff reasonable attorney's fees and costs of this litigation.

7. Grant such other and further relief as this Honorable Court deems just and proper.

Dated: February 1, 2008

Respectfully submitted,

/s/ Robert K. Lock, Jr.

Robert K. Lock, Jr., Esq.
R.K. Lock & Associates
7144 North Harlem Ave.
Suite 323
Chicago, Illinois 60631

Tel: (877)831-5588
Fax: (206)338-6036

## VERIFICATION

I, Isabela Teresa Friesendorf, hereby certify that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

Isabela Teresa Friesendorf
345 Alpine Drive
Gilberts, IL 60136

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing COMPLAINT; JURY TRIAL DEMAND and supporting documents and instruments were served to the clerk of the UNITED STATES DISTRICT COURT FOR THE NORTHERN DIVISION OF ILLINOIS and upon each of the parties or, when represented, upon their attorney of record, by fax, by personal delivery, or by depositing such copy enclosed in a postpaid envelope in an official depository under the exclusive care and custody of the United States Postal Service, CERTIFIED MAIL RETURN RECEIPT addressed as follows:

BAKER, MILLER, MARKOFF & KRASNY, LLC
29 North Wacker Drive, 5th Floor
Chicago, Illinois 60603

I further affirm that the foregoing statements made by me are true to the best of my knowledge and belief and that if any are willfully false, I am subject to penalty.

/s/ Robert K. Lock, Jr.

Robert K. Lock, Jr., Esq.
R.K. Lock & Associates
7144 North Harlem Avenue
Suite 323
Chicago, Illinois 60631

Tel: (877)831-5588
Fax: (206)338-6036

# EXHIBIT A

CERTIFIED MAIL RECEIPT # 7004 1160 0002 2063 8253

May, 07 2007

Discover Financial Services, Inc.
Cardmember Services
P.O. Box 15192
Wilmington, DE 19850-5192

RE    NOTICE AND DEMAND FOR VALIDATION AND ADEQUATE ASSURANCE OF
      PERFORMANCE – ISABELA T. FRIESENDORF, ACCOUNT # 6011-2986-5087-5127

Dear Sir/Madame:

I recently received your unsigned communication of April 17, 2007. Please regard this letter as a formal written Notice and Demand to DISCOVER BANK for validation and adequate assurance of performance with respect to the above listed account. In preparation for this Notice and Demand, I have conducted a full and complete investigation into this matter, and I am of the opinion that DISCOVER BANK may be in breach of the terms and conditions of the Credit Card Agreement, by its failure to provide either adequate and valuable consideration, or full disclosure of the material terms and conditions of the alleged original agreement, including the nature and extent of any finance charges assessed on the above account. In addition, I have reason to believe that your company has failed to properly credit me for all revenues received by you related to this account.

Further, so far as I can ascertain, Discover Bank is a state chartered bank licensed and operating in the state of Delaware, and overseen by the Federal Deposit Insurance Corporation and Delaware banking authorities. Discover Bank is not a national banking association, and I am unable to find any record of its having been licensed to do business in this state, either with the state regulator of financial institutions or the Secretary of State's office.

This Notice and Demand should not be perceived as a refusal to pay any valid debt. However, I have questions regarding the validity of the debt you are alleging in your billing statement, and in order to determine the validity of your presentment, and continue payment on the above-listed account, I will require certain information to confirm your claim in this matter. To that end, please forward the attached affidavit to the appropriate person in your organization for review and execution. Upon receipt of the signed, sworn affidavit, I will arrange for payments to resume on the above noted account. In the event that you are unable or unwilling to provide me adequate assurance of performance on this account, please send me a billing statement or other communication indicating a zero balance due on the account.

Please restrict all communications with me regarding this matter to writing, and understand that all communications, acts or omissions may be used in litigation, including the filing of grievances and the initiation of investigations at the Federal Trade Commission and other government bodies regarding your non-compliance with the Fair Credit Reporting Act, Fair and Accurate Credit Transaction Act of 2003, and other state and federal consumer protection laws. Your failure to respond to this Notice and Demand within thirty (30) days will be construed as a waiver of any and all claims regarding the above-listed account, and will act as a confirmation that no further action will be taken on your part with respect to the subject account. Please also take notice that during the pendency of this dispute, no further payments will be made on the account, and the account cannot be sold, assigned, forwarded or otherwise transferred for purposes of the collection of a debt.

Respectfully,

Isabela T. Friesendorf

EXHIBIT A-p.1.

10/02/07 09:11 FAX 630 231 6585 CENTRAL INK CORP. ☒003

## AFFIDAVIT

The undersigned Affiant, being duly sworn on oath, and under penalties of perjury, deposes, states and certifies that he/she is authorized to collect the alleged DISCOVER BANK account #6011-2986-5087-5127 (hereinafter "alleged account"), and has the requisite knowledge of the facts related to the alleged DISCOVER BANK promissory note/credit card agreement.

I hereby give assurance that the Discover Bank and financial institution involved with the alleged extension of credit or loan to the alleged customer CLIENT NAME] (hereinafter "alleged customer"), followed Generally Accepted Accounting Principles ("GAAP"), as required by law and as indicated by DISCOVER BANK' Certified Public Accountant ("CPA") audit reports, as well as regulatory compliance reports under the Sarbanes-Oxley Act of 2002.

I give further assurance that the original lender/financial institution involved with the alleged loan or funding of charges in the amount of the Promissory Note/Credit Card Agreement did not accept, receive or deposit any money, money equivalent, note, credit or capital from the alleged customer to fund a note, check or similar instrument that was used to originate, finance or fund the charges on the alleged credit card account or Promissory Note.

I give further assurance that all material facts regarding the alleged account have been disclosed in the original alleged Credit Card Agreement or Promissory Note.

I give further assurance that the original Credit Card Agreement or Promissory Note was not altered or forged in any way.

I give further assurance that Discover Bank is either a duly chartered National Banking Association, or is licensed and operating as a financial institution in the account holder's state under state license or through an exemption to the state's banking laws.

I give further assurance that proper identification processes were followed with respect to the alleged account according to the requirements of the U.S.A. Patriot Act, and I am able to furnish certified copies of all identification documentation from the alleged customer with respect to the alleged account.

I have personal knowledge of the facts and information in this affidavit, WHEREFORE I hereby declare under penalty of perjury under the laws of the state of _____ that this affidavit is true, correct and complete and if any statements are willfully false, I am subject to penalty.

_____
Signature of Affiant

STATE OF _____ )
                    ) JURAT
COUNTY OF _____ )

Subscribed and sworn to before me a notary public this ___ of _____ 2007.

_____
Signature of Notary

EXHIBIT A-p.2

# EXHIBIT B

10/02/07  09:14 FAX 630 231 6585       CENTRAL INK CORP.                                      ☒010

# BAKER, MILLER, MARKOFF & KRASNY, LLC                ATTORNEYS AT LAW
29 N. WACKER DRIVE, 5TH FLOOR, CHICAGO, IL 60606  PHONE: (312)541-4100  FAX: (312)541-4125  E-MAIL: bmmk@bmmklaw.com

KENNETH BAKER
DAVID S. MILLER
ROBERT G. MARKOFF
JAMES R. KRASNY
KEVIN W. MORTEL
JAMES A. KAPLAN
THOMAS M. GEARHART

July 6, 2007

Isabela Teresa Friesendorf
345 Alpine Dr
Gilberts, Illinois 60136

RE: DISCOVER CARD ACCOUNT
ACCOUNT NO: 6011298650875127
AMOUNT DUE: $7,957.43
OUR FILE NO.: 07-05778-0

Dear Ms. Friesendorf:

We have been retained by Discover Bank, issuer of Discover Cards, to collect the amount you owe on your Discover Card account number 6011298650875127. As of the date of this letter the balance due is $7,957.43. It is now the desire of Discover Bank that all payment or contacts be made directly with our law firm.

To avoid a lawsuit being filed against you, you may make payment to us or contact our account representative for Discover Card to arrange for payment of this debt. Your Discover Card account representative may be reached in our office at the following telephone number: Toll Free: 1-800-998-4591.

**IMPORTANT NOTICES:** Unless you notify us within 30 days after receiving this letter that you dispute the validity of the debt or any portion thereof, we will assume the debt is valid. If you do notify us in writing within 30 days after receiving this notice, that the debt, or any part thereof, is disputed, we will obtain verification of the debt or obtain a copy of a judgment, and mail you a copy of such verification or judgment. Also, upon your written request within 30 days after receiving this letter, we will provide you with the name and address of the original creditor if different from the current creditor. If you do request proof in writing of any of the items mentioned in this paragraph, the law requires us to suspend our efforts to collect this debt until we mail the requested information to you. This law firm is engaged in the collection of debts. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

BAKER, MILLER, MARKOFF & KRASNY, LLC

by: _____

T-C/js

07-05778-0
PCD

EXHIBIT B

# EXHIBIT C

Certified Mail Receipt # 7004 1160 0002 2063 8291

Baker, Miller, Markoff & Krasny

29 N. Wacker Dr.
5th Floor
Chicago, IL 60606

07-11-2007

## NOTICE OF DISPUTE

Re: Inquiry:     Discover Card
                    Baker, Miller, Markoff & Krasny, LLC
                    6011298650875127

Dear Sir/Madame:

    I am in receipt of your letter demanding payment on the above referenced account.

    I dispute this debt and refuse to pay it.

Respectfully,

Isabela T. Friesendorf

EXHIBIT C

# EXHIBIT D

10/02/07  09:15 FAX 630 231 6585          CENTRAL INK CORP.                    ☒013

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS
No. 07 SC K 4677

DISCOVER BANK, a Delaware banking
corporation

        Plaintiff,

vs.

ISABELA TERESA FRIESENDORF

        Defendant(s)

Amt Claimed $8,475.68, plus interest and court costs

Return Date:

## COMPLAINT

The Plaintiff claims as follows:

1. Plaintiff, DISCOVER BANK, is a Delaware banking corporation that issues credit cards to consumers under the name of "Discover Card" for the purpose of purchasing goods and services.
2. Defendant(s) reside at 345 Alpine Dr, in Gilberts, State of Illinois, County of Kane.
3. A credit card, number 6011298650875127, was issued to Defendant(s) by Plaintiff upon request, and Defendant(s) agreed to pay Plaintiff all amounts charged by use thereof.
4. An agreement containing the terms and conditions governing the use of the aforesaid credit card, including terms for repayment was mailed to Defendant(s). A copy of said agreement is attached hereto as "Exhibit A."
5. Thereafter Defendant(s) incurred charges by use of said card.
6. At regular intervals Plaintiff submitted to Defendant(s) monthly statements demanding payment of said account together with other information in support of said statement.
7. Defendant(s) defaulted by failing to make the requisite payments under the terms of the agreement. As a consequence of said default, and as of the date hereof, Defendant(s) owes Plaintiff the sum of $7,953.12 for principal, as shown in "Exhibit B" attached hereto, and $172.56 for interest, plus continuing interest on the outstanding principal balance at the rate of 19.800% per annum. Although duly demanded, payment has not been made.
8. There is further due to Plaintiff from Defendant(s) the sum of $350.00 as and for attorney's fees as provided for in the instrument exemplified by "Exhibit A" attached hereto.

WHEREFORE, Plaintiff demands judgment against Defendant(s) in the sum of $8,475.68, plus Plaintiff's costs of suit, together with interest at the rate of $4.31 per day from August 14, 2007 until entry of judgment.

DATED: August 14, 2007

        BAKER, MILLER, MARKOFF & KRASNY, LLC

        by: _____
            Attorneys for Plaintiff

VERIFICATION - (SEE ATTACHED AFFIDAVIT)

David S. Miller (1910779)
BAKER, MILLER, MARKOFF & KRASNY, LLC
Attorneys for Plaintiff
29 N. Wacker Drive, 5th Floor
Chicago, IL 60606-3221
Telephones (312) 541-4100 / 800-998-4591          07-05778-0 GTC

10 F 13

EXHIBIT D